IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **DEBRA YUNIECE GIBSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 7:22-cv-01230-LSC |
| ) | |
| **AGC FLAT GLASS NORTH** ) | |
| **AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

Plaintiff Debra Yuniece Gibson ("Gibson"), who proceeds *pro se*, brings this action against her former employer, AGC Flat Glass North America, Inc. ("AGC"), alleging disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–17 ("ADA"). Before the Court is AGC's Motion to Dismiss. (Doc. 7.) For the reasons stated below, AGC's motion (doc. 7) is due to be granted.

**I.   BACKGROUND**

Gibson was employed by AGC as a production associate from 2018 until her termination on February 23, 2022. (*See* doc. 1 at 6, 9.) Gibson began a leave of absence in June 2020 after a serious automobile accident led to severe injuries in her leg, requiring four subsequent surgeries and leaving metal in her leg. (*See id.* at 8.) Gibson was approved for long-term disability coverage through December 2022.

(Doc. 12 at 4.) According to Gibson, AGC began "pressuring" her to return to work in January of 2022. (Doc. 1 at 6.) However, Gibson was unable to return to work at that time due to ongoing complications with her leg. (*Id.*)

Gibson then requested accommodations from AGC because her injuries prevented her from being able to fully perform her duties. (*See* doc. 12 at 6.) In response, AGC asked Gibson to provide a list of restrictions from her doctor by February 18, 2022, so it could implement the requisite accommodations to allow her to return to work. (Docs. 1 at 9; 12 at 6.)

Gibson's original orthopedic physician released her with no restrictions on her ability to work. (Doc. 12 at 6.) According to Gibson, however, at that time, she was unable to "put full weight on [her leg]" and struggled to stand or walk for long periods of time. (*See id.*) Because her original orthopedic physician would not provide any restrictions, Gibson unsuccessfully sought restrictions from her physical therapist. She then scheduled an appointment with another orthopedic physician, but the earliest available appointment was not until May 2022. (*See* doc. 11 at 4–5.) Because Gibson was unable to perform her job and did not provide a list of restrictions to AGC so that it could provide the requisite accommodations, AGC terminated her employment on February 23, 2022. (*Id.* at 5.)

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the

complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

Because Gibson submitted her complaint *pro se*, this Court must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, while a *pro se* plaintiff will be given greater leniency, "[t]his leniency . . . does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x. 635, 637 (11th Cir. 2010) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.   ANALYSIS

To state an ADA discrimination claim, a plaintiff must prove that she was disabled, a qualified individual, and subjected to discrimination because of her disability. *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014).

Under the ADA, a disability is "a physical or mental impairment that substantially limits . . . [a] major life activit[y]." 42 U.S.C. § 12102(1)(A). A physical impairment means "[a]ny physiological disorder or condition . . . or anatomical loss affecting one or more body systems, such as . . . [the] musculoskeletal." 29 C.F.R. § 1630.2(h)(1). Examples of "major life activities" include working, walking, standing, sitting, and bending. *See id.* § 1630.2(i). An impairment "substantially limits" one of these activities if it restricts "the ability of an individual to perform [the life activity] as compared to most people in the general population." *Id.* § 1630.2(j)(1)(ii). Thus, a musculoskeletal condition that restricts an individual's ability to work, walk, stand, sit, or bend is a disability under the ADA. *See id.* § 1630.2.

Here, Gibson has sufficiently alleged that she was disabled as the term is defined by the ADA. Gibson suffered severe injuries to her leg from a car accident. These injuries required four surgeries and left Gibson with arthritis in her lower leg. (*See* doc. 1 at 9.) Gibson states that as of January 2022 she was not physically able to return to work—a "major life activit[y]"—because of issues with her leg. 29 C.F.R. § 1630.2(i). Construing Gibson's complaint liberally, it is plausible that Gibson's leg injuries restrict her ability to perform her job "as compared to most people in the general population." *Id.* § 1630.2(j)(1)(ii). Thus, Gibson has plausibly alleged that she is disabled under the ADA.

However, Gibson's complaint fails to plausibly allege that she is a "qualified individual." *See Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000). A plaintiff is a "qualified individual" if she is disabled and can show that she can perform the essential functions of the job without an accommodation, or with a reasonable accommodation. *See* 42 U.S.C § 12111(8); *see also Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1256 (11th Cir. 2007). An accommodation is "reasonable" if it allows the employee to perform the essential functions of the job. *Id.* "If the individual is unable to perform an essential function of his job . . . even with an accommodation, he is, by definition, not a 'qualified individual . . . .'" *Id.* Further, a reasonable accommodation does not require the elimination of an essential function of an employee's job. *Id.*

An employer does not have a duty to provide an accommodation unless an individual makes a specific demand for a reasonable accommodation. *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999). Under certain circumstances, a leave of absence may be a reasonable accommodation. *See, e.g., Roddy v. City of Villa Ricca, Ga.*, 536 F.App'x 995, 1001 (11th Cir. 2013). However, the ADA only applies to an employee if she can perform the essential functions of her job in the present or the immediate future. *Id.*; *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003). Accordingly, an indefinite leave of absence is not a reasonable accommodation because it does not allow an employee to return to work

in the present or the immediate future. *See Holly*, 492 F.3d at 1256. Therefore, an individual requesting an indefinite leave of absence is not a "qualified individual" because she has not made a specific demand for a reasonable accommodation. *Id.*; *Gaston*, 167 F.3d at 1363.

Gibson is not a "qualified individual" under the ADA because she did not make a specific demand for a reasonable accommodation. *Id.* Gibson's orthopedic physician released her to work without any restrictions. (*See* doc. 12 at 6.) However, Gibson claims that, as of January 2022, she was not physically able to return to work due to ongoing complications from her leg injury. (*See* doc. 1 at 6.) Gibson was on leave for over eighteen months before she was terminated (*see id.*), and an extension of that leave through the end of her long-term disability coverage in December 2022 would have required Gibson to miss a total of thirty months of work. (*See* doc. 1 at 10.)[1] Gibson did not request a reasonable accommodation for AGC to consider. Instead, Gibson only requested that AGC allow her to continue her leave of absence. Therefore, Gibson's claim does not satisfy the 12(b)(6) plausibility standard in that she has failed to sufficiently plead facts to demonstrate a necessary element of her

---

[1] Gibson's Complaint does not identify any specific accommodation request. (*See* doc. 1 at 6, 10.) However, in her Response to Defendant's Opposition to Mediation Request (doc. 16), Gibson states that she would have been able "to return back to work [after December 2022] with much less accommodations . . . ." (Doc. 16 at 3–4). Because an additional twelve-month leave would not allow Gibson to return to work in the present or the immediate future, her accommodation request—if such request was made—was not reasonable. *See Wood*, 323 F.3d at 1314.

claim, i.e., that she is a "qualified individual" under the statute. *See Mazzeo*, 746 F.3d at 1268.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is due to be **GRANTED**. The Court will enter an Order consistent with this Memorandum of Opinion.

**DONE** and **ORDERED** on October 2, 2023.

_____
L. Scott Coogler
United States District Judge

215647